UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TINA LOUISE ROBERTS, an individual,<br><br>                               Plaintiff,<br>v.<br><br>STUDIO 15 MANGENT, RUTH RIVERIA, JOLINDA QUILTIA,<br><br>                            Defendants. | Case No.: 22-cv-967-GPC(AGH)<br><br>**ORDER SUA SPONTE DISMISSING PLAINTIFF'S AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM AND DENYING MOTION FOR EX PARTE HEARING**<br><br>**[Dkt. No. 14.]** |

Plaintiff Tina Louise Roberts, proceeding pro se, filed an amended complaint[1] against Defendants Ruth Riveria, Jovanna Q., and Studio15 Management and a motion for an ex parte hearing.  (Dkt. No. 13, FAC; Dkt. No. 14.)  Based on the reasoning below, the Court sua sponte DISMISSES the amended complaint for failure to state a claim and DENIES motion for ex parte hearing as moot.

**A.  Sua Sponte Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)**

A complaint filed by any person proceeding in forma pauperis[2], ("IFP") pursuant to 28 U.S.C. § 1915(a) is subject to mandatory sua sponte review and dismissal by the

---

[1] The Court must liberally construe pro se pleadings. *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (quoting *Boag v. MacDougall*, 454 U.S. 364, 365 (1982)).  In liberally construing her pleading, it appears that Plaintiff is seeking to file an amended complaint.

[2] The Court granted Plaintiff's motion to proceed IFP on August 4, 2022.  (Dkt. No. 8.)

1

Court if it is "frivolous, or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000). § 1915(e)(2) mandates that a court reviewing a complaint filed pursuant to the IFP provisions of 28 U.S.C. § 1915 rule on its own motion to dismiss before directing that the complaint be served by the U.S. Marshal pursuant to Federal Rule of Civil Procedure 4(c)(2). *Lopez*, 203 F.3d at 1127. Under Federal Rule of Civil Procedure ("Rule") 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This provides the defendant with fair notice of what the claim is and the basis upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). While a plaintiff need not give "detailed factual allegations," a plaintiff must plead sufficient facts that, if true, "raise a right to relief above the speculative level." *Id.*

On August 4, 2022, the Court granted Plaintiff's motion to proceed in forma pauperis and *sua sponte* dismissed the complaint for failure to state a claim with leave to amend. (Dkt. No. 8.) The Court explained that Plaintiff had not presented a short and plain statement of the claim to support a cause of action. (*Id.*)

Similar to the complaint, the amended complaint again presents incoherent allegations about harassment, threats and physical violence that are not fully intelligible. Moreover, the complaint fails to present short and plain statements with legally relevant facts to support a cause of action. Finally, the allegations in Plaintiff's complaint are insufficient to put Defendants on notice of the claims against them as required by Rule 8. Accordingly, the amended complaint fails to state a claim upon which relief may be granted and the Court, *sua sponte*, dismisses it pursuant to § 1915(e)(2).

## Conclusion

Based on the above, the Court sua sponte DISMISSES the amended complaint for failure to state a claim without prejudice. The Court also DENIES Plaintiff's request for

an ex parte hearing as moot. The Clerk of Court is directed to CLOSE this case.

**IT IS SO ORDERED.**

Dated: August 18, 2022

Hon. Gonzalo P. Curiel
United States District Judge